**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

TRUITT MOORE,

               Petitioner - Appellant,

   v.

MIKE EVANS,

            Respondent - Appellee.

No. 10-17813

D.C. No. 2:09-cv-02737-JFM

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
John F. Moulds, Magistrate Judge, Presiding

Submitted June 12, 2012[**]
San Francisco, California

Before: FERNANDEZ, GOULD, and BEA, Circuit Judges.

   Petitioner Truitt Moore appeals from the denial of his petition for a writ of

habeas corpus. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

---

   [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

   [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

We review the denial of Moore's habeas petition de novo. *Brown v. Horell*, 644 F.3d 969, 978 (9th Cir. 2011). The Antiterrorism and Effective Death Penalty Act ("AEDPA") governs this matter. *See Lindh v. Murphy*, 521 U.S. 320, 322 (1997). We cannot grant federal habeas relief absent a showing that the California Court of Appeal's denial of Moore's claims (1) was contrary to clearly established Supreme Court case law, (2) involved an unreasonable application of that law, or (3) was based on an unreasonable determination of the facts in light of the record before the state court. *Harrington v. Richter*, 131 S. Ct. 770, 785 (2011) (citing 28 U.S.C. § 2254(d)). Moore has not established such error.

The California Court of Appeal did not act contrary to or unreasonably apply clearly established Supreme Court case law when it held that the state trial court did not abuse its discretion in denying Moore's motion for substitution of counsel pursuant to *People v. Marsden*, 2 Cal. 3d 118 (1970). Moore's trial counsel stated that Moore was informed as to his maximum sentencing exposure. Further, Moore's own testimony at his *Marsden* hearing showed that Moore understood that the five-year sentence was what he *expected* to get after trial, not his understanding of the maximum sentence he could receive by statute.

We also decline to expand the certificate of appealability to consider Moore's claims that the trial court unconstitutionally imposed an increased

2

sentence.   A review of the record makes clear that Moore has not made "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  We dismiss this uncertified issue for lack of jurisdiction.  *Doe v. Woodford*, 508 F.3d 563, 569 (9th Cir. 2007).

**AFFIRMED.**